IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF ARIZONA

Angela Reynolds,           )
                           )
            Plaintiff,     )
                           )
     v.                    )   Civil Action No. 2:10cv2383 (PHX/LO/TRJ)
                           )
UNUM Life Insurance Company)
of America                 )
     *et al.*,             )
                           )
            Defendants.    )
                           )

## MEMORANDUM OPINION AND ORDER

This matter is before the court on defendant UNUM Life Insurance Company's ("UNUM") motion for reconsideration (no. 33), on which the court held a telephone hearing today. For the reasons stated below, the motion is granted in part and denied in part.

### I.

On August 1, 2011, the court denied (no. 31) UNUM's motion for protective order (no. 27), which sought to preclude plaintiff from proceeding with discovery into incentive structures that would encourage (a) UNUM personnel to deny disability claims and (b) UNUM's reviewing physician, Dr. Neil McPhee, to provide a medical review that was favorable to UNUM and unfavorable to plaintiff. UNUM has now notified the court that it has waived abuse of discretion review of its denial of plaintiff's claim, to which it was entitled, thus requiring the court to perform a *de novo* review of UNUM's decision to deny plaintiff's claim. UNUM now moves the court to reconsider the August 1 order in light of that waiver.

## II.

The essence of the parties' dispute is whether plaintiff may take discovery to supplement the administrative record that was reviewed by UNUM when rendering its decision on plaintiff's claim. Both parties cite *Opeta v. Northwest Airlines Pension Plan for Contract Employees*, 484 F.3d 1211, 1217 (9th Cir. 2007) as providing a "non-exhaustive list of exceptional circumstances where introduction of evidence beyond the administrative record could be considered necessary[,]" which the Ninth Circuit adopted from the Fourth Circuit's opinion in *Quesinberry v. Life Insurance Company of North America*, 987 F.2d 1017 (4th Cir. 1993). Those circumstances are:

> [(1)] claims that require consideration of complex medical questions or issues regarding the credibility of medical experts;
>
> [(2)] the availability of very limited administrative review procedures with little or no evidentiary record;
>
> [(3)] the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts;
>
> [(4)] instances where the payor and the administrator are the same entity and the court is concerned about impartiality;
>
> [(5)] claims which would have been insurance contract claims prior to ERISA; and
>
> [(6)] circumstances in which there is additional evidence that the claimant could not have presented in the administrative process.

*Opeta*, 484 F.3d at 1217. As *Opeta* was a *de novo* review case, application of its principles is appropriate here.

## III.

Evidence as to any bias on the part of Dr. McPhee falls squarely within the first example cited in *Opeta*, as plaintiff has raised an issue regarding the credibility of UNUM's medical

expert. Plaintiff certainly had the opportunity to rebut Dr. McPhee's opinion in the administrative process, as UNUM has pointed out, but without the ability to inquire into any incentives for Dr. McPhee to provide opinions favorable to UNUM, plaintiff was not able to introduce evidence on that subject at the administrative level (whether or not to any effect). Plaintiff correctly argues here that evidence regarding bias on Dr. McPhee's part goes to the weight the court will decide to assign his opinion in its *de novo* review. Discovery into the structure of his dealings with UNUM as they relate to his review of plaintiff's claim is accordingly appropriate, especially in light of the information about him that plaintiff has found in other cases. The motion is therefore denied as to Interrogatories 17, 18, and 19, deposition of Dr. McPhee, and discovery about his employer.

## IV.

With respect to discovery regarding incentives for UNUM personnel to deny claims, on the other hand, UNUM's argument is persuasive. In instances such as this case, where the payor and administrator are the same entity, *Opeta* requires that the court be "concerned about impartiality" to admit evidence not appearing in the administrative record. That guiding principle is apparent in the cases cited by UNUM where courts permitted supplementation of the administrative record because a structural conflict resulted in a plaintiff's inability to introduce evidence into the administrative record. In this case, however, there appears to be no concern that plaintiff was unable to introduce medical evidence into the administrative record due to incentives for UNUM personnel to exhibit bias. Ultimately, plaintiff's claim here is for disability benefits,[1] and whether plaintiff receives those benefits is a decision now entirely in the court's

---

[1] Plaintiff has not presented any separate claim based on UNUM's failure to provide a full and fair review as required by ERISA.

hands, without regard to the decision made by UNUM personnel. Because the decision made by UNUM personnel is now completely irrelevant to the court's decision, discovery into their motivations is also irrelevant, and the motion is granted as to that discovery.

**V.**

Accordingly, it is ORDERED that UNUM's motion for reconsideration (no. 33) is GRANTED IN PART and DENIED IN PART.

/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

Alexandria, Virginia
August 12, 2011